UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DANIEL CHANDLER,**

       **Plaintiff,**                       **CIVIL ACTION NO. 12-CV-12738**

  vs.

                                           **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**NOE ALVARADO, DEBRA SCUTT,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**C. C. BROWN, SEAN LOCKHART,**
**KURT CRUST, AND JOHN DOE,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** This Court recommends that the motion to dismiss, or in the alternative, motion for summary judgment filed by Defendants Scutt, Brown-Brandon, Lockhart, and Austin (docket no. 13) be **GRANTED**, Plaintiff's cross motion for summary judgment (docket no. 16) be **DENIED**, and Plaintiff's motion for default judgment (docket no. 23) be **DENIED**. The Court further recommends that John Doe Defendant be dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.** **REPORT**:

This matter comes before the Court on several motions. The first motion is the motion for dismissal, or in the alternative, motion for summary judgment filed by Defendants Scutt, Brown-Brandon, Lockhart, and Austin. (Docket no. 13). Plaintiff filed a response and cross motion for summary judgment. (Docket no. 16). Defendants filed a response to Plaintiff's motion. (Docket no. 18). Plaintiff filed a reply. (Docket no. 21). Plaintiff then filed a motion for default judgment.

(Docket no. 23). All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Facts**

This is a *pro se* civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. The events giving rise to this action occurred while Plaintiff was incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Defendants to this action are Parnall Warden Debra Scutt, Deputy Warden Cascelia C. ("C.C.") Brown-Brandon, Special Activities Director Noe Alvarado, and Lansing, Michigan Central Office Grievance Specialists Sean Lockhart, Kent Austin,[1] and John Doe. Defendants filed their motion to dismiss or in the alternative, for summary judgment on behalf of Defendants Scutt, Brown-Brandon, Lockhart, and Austin. Defendant Noe Alvarado has not joined in the motion and instead has filed a separate answer to the complaint. (Docket no. 14).

Plaintiff alleges that he was nominated as the group facilitator for the Saturday 2:30 p.m. - 3:30 p.m. prison narcotics anonymous ("N.A.") meeting. (Complaint at ¶ 11). He alleges that he sent three kites to Defendant Alvarado as Special Activities Coordinator between July 9, 2011 and July 23, 2011 requesting copies of the twelve steps and a VCR cord so the group could watch substance abuse movies. (Complaint at ¶¶ 12-14). When he failed to receive a response or the items

---

[1] The complaint identifies Kurt C. Crust as a Defendant in his role as a grievance specialist at Central Office in Lansing, Michigan. On August 3, 2012, the U.S. Marshal Service acknowledged receipt of service of process documents for Kurt C. Crust. (Docket no. 9). On August 31, 2012 an executed waiver of service was returned for all Defendants. Subsequently, counsel filed an appearance on behalf of Kent Austin and other named Defendants. (Docket no. 12). Counsel then filed the instant motion to dismiss on behalf of Kent Austin and others. (Docket no. 13). The Court will proceed with the understanding that Kent Austin was misidentified in the complaint as Kurt C. Crust.

he requested from Alvarado, he wrote a fourth kite informing Alvarado that he would notify the American Civil Liberties Union, the American Friends Service Committee, and the National N.A. Organization of America to tell them that Defendant Alvarado was denying his N.A. group the requested supplies. (Complaint at ¶ 15).

Plaintiff alleges that Defendant Alvarado called him to the Special Acts Building on August 7, 2011 and informed him that he was being removed as the group facilitator for the Saturday N.A. meeting because he had received five misconducts for marijuana. He also contends that Defendant Alvarado moved his N.A. call-out to Thursday, had his area of control shook down for marijuana, and showed copies of his past substance abuse misconducts to another prisoner group. (Complaint at ¶¶ 17-20). He alleges that he wrote a letter to Defendant Deputy Warden Brown-Brandon to explain to her the events that had transpired with Defendant Alvarado. (Complaint at ¶ 18).

Plaintiff claims that he filed his first grievance against Defendant Alvarado on August 15, 2011 complaining of retaliation and harassment. (Complaint at ¶¶ 21-22, Grievance no. SMT/11/08/0999/17Z). He alleges that Defendant Brown-Brandon responded to the step one grievance and instructed staff to place Plaintiff back on call-out for the Saturday N.A. meeting, but failed to provide him with a timely grievance interview. (Complaint at ¶ 24 and ex. G). He alleges that Defendant Scutt responded to the step two grievance appeal. (Complaint at ¶ 27). Defendant Austin responded to the step III grievance appeal. (Docket no. 13, ex. 2).

Plaintiff states that he filed a second grievance against Defendant Alvarado on or around September 19, 2011 for retaliation after Defendant Alvarado removed him from the Saturday call-out for the second time. (Complaint at ¶¶ 29-30, Grievance No. SMT/11/09/1185/17B). He states that he was interviewed by Defendant Brown-Brandon and placed back on Saturday call-out for

N.A. (Complaint at ¶ 31 and ex. H). Defendant Scutt and Defendant Lockhart reviewed and denied his grievance appeals at steps II and III. (Complaint at ¶ 34 and ex. H; Docket no. 13, ex. 2).

Plaintiff claims that he filed a third grievance against Defendant Alvarado after he moved Plaintiff back out of the Saturday N.A. group and into the Thursday group on or around November 13, 2011. (Complaint at ¶¶ 35-36, Grievance No. SMT 11/11/1457/17A). He states that Defendant Brown-Brandon conducted an interview with him and discussed with him Defendant Alvarado's repeated abuse of authority and retaliation based on Plaintiff's grievance writing activities. He alleges that Defendant Brown-Brandon noted that Plaintiff had for the fourth time been placed on call-out for the Saturday N.A. meeting and indicated that appropriate action would be taken to ensure that he is not removed again from call-out. (Complaint at ¶ 37 and ex. I). Defendant Scutt and Defendant Lockhart responded to the steps II and III grievance appeals. (Complaint at ¶ 44; Docket no. 13, ex. 1).

Plaintiff alleges that he filed a fourth grievance on December 11, 2011 after Defendant Alvarado again removed him from N.A. groups. (Complaint at ¶¶ 39-40 and ex. L, Grievance no. SMT 11/12/1633/17A). He claims that Defendants Brown-Brandon and Scutt responded to the grievance at steps I and II. He also claims that this time Defendant Alvarado let him remain in the Saturday N.A. group but transferred all other inmates out of the group. (Complaint at ¶¶ 41-44). Defendant Austin responded to the step III grievance appeal. (Complaint at ¶ 57; Docket no. 13, ex. 1).

Plaintiff filed a fifth grievance against Defendant Alvarado in January 2012 complaining that Defendant removed all other inmates from the Saturday N.A. call out. (Complaint at ¶ 49, Grievance no. SMT 12/01/0077/17B). He alleges that Defendant Brown-Brandon indicated that she

interviewed him with respect to his step I grievance when in fact she did not. Defendant Scutt signed the step II grievance appeal response and Defendant Lockhart signed the step III appeal response. (Docket no. 13, ex. 2).

Plaintiff claims that in addition to his grievances, his girlfriend called the prison on several occasions and spoke to Defendant Scutt's administrative assistant and Defendant Brown-Brandon's secretary in an effort to resolve Plaintiff's issues. Plaintiff alleges that Defendants Scutt, Brown-Brandon, Lockhart, and Austin violated his rights because they knew prior to the time when he filed his grievances that Defendant Alvarado was retaliating and harassing him, yet they repeatedly allowed him to defy their orders. He further contends that these four Defendants created a custom or policy called the "code of silence" in which they allowed Alvarado to continuously violate his constitutional rights.

Plaintiff alleges that Defendants Scutt, Brown-Brandon, Lockhart, and Austin failed to protect his rights and welfare from Defendant's continued retaliation for filing grievances in violation of the First Amendment, the Privileges and Immunities Clause of Article IV of the U.S. Constitution, and the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments.

**B.     Standard**

Defendants Scutt, Brown-Brandon, Lockhart, and Austin move to dismiss, or in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 12(b) and 56(a). When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56

(2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Id*. The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Federal Rule of Civil Procedure 55(a) permits the clerk of the court to enter a default when a party fails to plead or otherwise defend and that failure is shown by affidavit or otherwise. Only after a party has obtained a default may he obtain a default judgment pursuant to Rule 55(b). *Heard v. Caruso*, 351 Fed. Appx. 1, 15-16 (6th Cir. 2009) (it is procedurally improper for a party to move for entry of a default judgment without first seeking entry of a default from the clerk of the court).

**C.     Analysis**

*1.     Individual Capacity Claims Against Defendants Scutt, Brown-Brandon, Lockhart, and Austin*

It is a well-established principle that § 1983 liability cannot be based on a mere failure to act or on a theory of respondeat superior. *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206-07 (6th Cir. 1998). Rather, a supervisor must have " 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must allege that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct....' " *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). Thus, to state a plausible claim for relief, a plaintiff must allege that each defendant was personally involved in, or otherwise condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Id.* "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 Fed. Appx. 839, 841 (6th Cir. 2003).

Plaintiff has failed to allege or provide evidence to show that Defendants Scutt, Brown-Brandon, Lockhart, or Austin were personally involved in the alleged wrongdoing. Apart from their roles in the grievance process, there are no allegations and no proof to show that these Defendants participated in, approved of, or acquiesced in Defendant Alvarado's conduct. Plaintiff contends that Defendants are liable because they did nothing to stop Alvarado's wrongdoing. However, liability cannot be premised on the mere failure to act. Moreover, the evidence shows that Defendant Brown-Brandon directed staff to place Plaintiff back on Saturday call-out in response to his grievances and noted that appropriate action would be taken to ensure that he was not removed again. In addition, Defendant Scutt also reviewed the grievances and step I responses and noted that

7

Plaintiff had been returned to repeat call-out for N.A. effective immediately. She also noted that Defendant Alvarado was told to place Plaintiff back on call-out and indicated that Plaintiff's issues with Alvarado would be handled administratively.

Plaintiff has not alleged or provided proof to demonstrate that adverse actions taken against him were authorized, approved, knowingly acquiesced in, encouraged by, or directly participated in by Defendants Scutt, Brown-Brandon, Lockhart, or Austin. Accordingly, even considering the record in the light most favorable to Plaintiff, the Court recommends that Plaintiff's individual capacity claims against Defendants Scutt, Brown-Brandon, Lockhart, and Austin should be dismissed.

*2.    Official Capacity Claims Against Defendants Scutt, Brown-Brandon, Lockhart, and Austin*

In addition to individual liability claims, Plaintiff sues Defendants in their official capacities and argues that Defendants created a custom or policy called the "code of silence" in which they allowed Defendant Alvarado to repeatedly violate Plaintiff's rights. A suit against a government official in his or her official capacity is treated as if it were a suit against the government. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In order to establish liability under this theory, Plaintiff must allege and show that the government entity established or maintained a policy or custom that was the moving force behind the alleged wrongdoing. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

A custom for purposes of governmental liability "must 'be so permanent and well settled as to constitute a custom or usage with the force of law.' " *Doe v. Claiborne Cnty., Tenn.,* 103 F.3d 495, 507 (6th Cir. 1996) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). To establish such a policy or custom, "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making

8

authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005) (citations omitted).

To assert a claim based on an "inaction theory" where there is an unwritten yet clearly entrenched policy of tolerating federal rights violations, the plaintiff must show:

> (1) the existence of a clear and persistent pattern of [illegal activity];
> (2) notice or constructive notice on the part of the [defendant];
> (3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
> (4) that the [defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation.

*Id.* (citing *Doe v. Claiborne Cnty.,* 103 F.3d at 508).

Here, the evidence does not support a claim against these Defendants based on a custom or policy of inaction or code of silence. The evidence shows that Defendants reviewed Plaintiff's grievances and grievance responses, ensured that Plaintiff was put back on call-out for the Saturday N.A. group, and noted that the matter with Defendant Alvarado would be handled administratively. The Court recommends that Plaintiff's official capacity claims against Defendants Scutt, Brown-Brandon, Lockhart, and Austin be dismissed.

*3.     Defendant Alvarado*

Plaintiff urges the Court to deny Defendants' motion with respect to Defendant Alvarado. However, Defendant Alvarado did not join in Defendants' motion and has filed a separate answer to the complaint. Furthermore, Defendants argue and the record presently before the Court shows that at this point in the litigation there are genuine issues of material fact that exist with regard to Plaintiff's claims against Defendant Alvarado. Therefore, to the extent Plaintiff asserts that he is

entitled to summary judgment on his claims against Defendant Alvarado, his motion should be denied.

*4.    Plaintiff's Motion for Default Judgment*

Plaintiff claims that he served on Defendants his reply to Defendants' response to his cross motion for summary judgment with a supporting affidavit. He claims that Defendants had thirty days to rebut the affidavit or be forever barred from any future defenses. On March 25, 2013 Plaintiff filed a Declaration for Entry of Default and now claims that default was entered in the office of the clerk of court. (Docket no. 23). All Defendants other than John Doe Defendant have appeared in this action and have filed an answer to the complaint or motion under Rule 12. The clerk of court has not entered a default against any Defendant and Plaintiff is not entitled to a default judgment under Rule 55. Plaintiff's motion for default judgment should be denied.

*5.    John Doe Defendant*

28 U.S.C. § 1915(e)(2)(B) requires the court to review all complaints where the plaintiff is proceeding *in forma pauperis* and sua sponte dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or seeks monetary relief against a defendant who is immune from such relief. As of the date of this recommendation, Plaintiff has failed to identify the John Doe Defendant in order that service may be accomplished through the U.S. Marshal Service. Since the complaint was filed in June 2012, the time for service of process has long since passed under Federal Rule of Civil Procedure 4(m). Plaintiff alleges that John Doe Defendant works at the Central Office in Lansing, Michigan and is the approval signature on all step III grievance appeals. Thus, his claims against John Doe Defendant are virtually identical to his claims against Defendant Austin. For the reasons

stated above, the Court recommends that Plaintiff's claims against John Doe Defendant be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 30, 2013                                  s/ Mona K. Majzoub
                                                                    MONA K. MAJZOUB
                                                                    UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Daniel Chandler and Counsel of Record on this date.

Dated: May 1, 2013                     s/ Lisa C. Bartlett
                                       Case Manager